UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JASON ARMOUR,

                Petitioner,                Case No. 16-10937
                                                    Hon. Nancy G. Edmunds

v.

SHAWN BREWER,

                Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING CERTIFICATE OF APPEALABILITY**

This is a habeas case brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner Jason Armour was convicted in the Wayne Circuit Court after a jury trial of first-degree murder, MICH. COMP. LAWS § 750.316, and possession of a firearm during the commission of a felony. MICH. COMP. LAWS § 750.227b. He was sentenced to mandatory life imprisonment. The petition alleges that Petitioner was denied the effective assistance of counsel when his trial attorney failed to communicate a plea offer because counsel believed he could beat the charges at trial.

The petition addresses its timeliness under 28 U.S.C. § 2244(d). Petitioner acknowledges that his petition was untimely filed, but he asserts that he is entitled to equitable tolling. Petitioner argues that his trial counsel's ineffectiveness amounted to an abandonment of Petitioner, excusing the delay in filing his petition. The Court nevertheless finds that the habeas petition was untimely filed. Petitioner's argument does not address or adequately account for the nearly four year period between the time Petitioner learned of the plea offer and the time he sought relief on that basis in the state courts. The Court will therefore summarily dismiss the petition. The Court will also deny Petitioner a certificate of appealability.

## I. Background

According to the allegations in the petition, Petitioner was convicted of first-degree murder and commission of felony with a firearm after a jury trial in the Wayne Circuit Court. Following his sentencing, Petitioner appealed by right. The Michigan Court of Appeals affirmed his conviction. *People v. Armour*, No. 161081 (Mich. Ct. App. July 19, 1996). The Michigan Supreme Court denied leave to appeal on August 29, 1997. *People v. Armour*, 450 Mich. 888 (1997) (table).

Petitioner alleges that in July of 2008 he learned through family members that his trial counsel failed to disclose a favorable plea offer made by the prosecutor at trial.

The Court takes judicial notice of the state trial court's docket which indicates that on June 28, 2012, Petitioner filed his motion for relief from judgment. See *United States ex. rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003) (court permitted to take judicial notice of docket entries appearing on publically available court website). Petitioner alleges that his motion asserted that he was denied the effective assistance of trial counsel due to his trial attorney's failure to communicate the plea offer. The trial court denied the motion by order dated October 1, 2012.

Petitioner appealed the decision, and the Court of Appeals denied leave to appeal "for lack of merit for the reasons articulated in the trial court's opinion." *People v. Armour*, No. 315470 (Mich. Ct. App. Jan. 15, 2014). Petitioner filed an application for leave to appeal in the Michigan Supreme Court, and on December 28, 2011, the Supreme Court denied leave to appeal " because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Armour*, 497 Mich. 887 (2014). Petitioner filed a motion for reconsideration which was denied on March 31, 2015. Petitioner then waited almost a year before filing the present petition through counsel on March 15, 2016.

## II. Standard of Review

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing Section 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). A preliminary question in a habeas case brought by a state prisoner is whether the petitioner complied with the one-year statute of limitations. "[D]istrict courts are permitted . . . to consider *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough,* 547 U.S. 198, 209 (2006). Such consideration is appropriate here because Petitioner raises the issue of the statute of limitations himself in the petition and sets forth his argument as to why the petition should be considered timely filed.

## III. Discussion

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations applies to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one-year limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could

have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Absent equitable tolling, a petition for writ of habeas corpus must be dismissed where it has not been filed before the limitations period expires. See 28 U.S.C. § 2244(d)(1); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

In most cases, the statute of limitations begin to run when the petitioner's conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). "Direct review," for purposes of subsection 2244(d)(1)(A), concludes when the availability of direct appeal to the state courts has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The time for direct review of Petitioner's conviction expired in 1997. A later potential starting point for the limitations period in Petitioner's case is "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" under § 2244(d)(1)(D). At best for petitioner, this date falls in July of 2008, when he asserts he first learned of his counsel's failure to communicate the plea offer.

The Court is aware that petitioner has cited to the recent Supreme Court cases of *Missouri v. Frye*, 132 S. Ct. 1399, 182 L. Ed. 2d 379 (2012) and *Lafler v. Cooper*, 132 S. Ct. 1376, 182 L. Ed. 2d 398 (2012), in support of his claim that his trial counsel was ineffective for failing to give him correct advice about a plea bargain offer that was allegedly made by the prosecutor. 28 U.S.C. § 2244(d)(1)(C) indicates that the one year limitations period can run from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." A federal district court has the ability to determine whether a newly recognized right has

been made retroactively applicable to cases on collateral review, for purposes of this section or the analogous provision of the statute of limitations for federal motions to vacate sentence. See *Wiegand v. United States*, 380 F. 3d 890, 892-93 (6th Cir. 2004).

The Supreme Court cases of *Frye* and *Lafler*, however, are not new rules of constitutional law that would delay the commencement of the one year limitations period pursuant to 28 U.S.C. § 2244(d)(1)(C). Every circuit court that has considered the issue–including the Sixth Circuit–has ruled that "neither *Frye* nor *Cooper* created a "new rule of constitutional law" made retroactive to cases on collateral review by the Supreme Court." *In re Liddell*, 722 F. 3d 737, 738 (6th Cir. 2013)(holding that *Frye* and *Cooper* did not announce a new rule of constitutional law that would permit defendant to file a successive motion to vacate sentence). The Supreme Court in *Frye* "merely applied the Sixth Amendment right to effective assistance of counsel according to the test first articulated in *Strickland v. Washington*, 466 U.S. 668 (1984), and established in the plea-bargaining context in *Hill v. Lockhart*, 474 U.S. 52 (1985)." *Hare v. U.S.*, 688 F. 3d 878, 879 (7th Cir. 2012).

Thus, the cases of *Missouri v. Frye* and *Lafler v. Cooper* did not announce a "newly recognized" right that has been made retroactively applicable to cases on collateral review, so as to extend the one year limitations period. See *Baker v. Ryan*, 497 Fed.Appx. 771, 773 (9th Cir. 2012); *U.S. v. Ocampo*, 919 F. Supp. 2d 898, 915 (E.D. Mich. 2013).

Accordingly, at best for Petitioner, the statute of limitations starting running in July 2008 when he learned that his counsel failed to communicate the plea offer. Petitioner then did nothing to toll the limitations period until he filed his motion for relief from judgment in the trial court almost four years later, on June 28, 2012. A state court post-conviction motion that is filed following

the expiration of the limitations period cannot toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period remaining to be tolled. See *Jurado v. Burt*, 337 F. 3d 638, 641 (6th Cir. 2003); see also *Hargrove v. Brigano*, 300 F. 3d 717, 718, n. 1 (6th Cir. 2002).

Accordingly, the petition was filed well beyond the expiration of the limitations period and is subject to dismissal unless Petitioner demonstrates grounds for equitable tolling. *Holland v. Florida*, 561 U.S. 631, 649 (2010). A petitioner is entitled to equitable tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* Equitable tolling is used "sparingly" by the federal courts. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The party seeking equitable tolling bears the burden of proving that he is entitled to it. *Id.* "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (citation omitted).

Petitioner asserts that the blame for his failure to seek timely review of his conviction lies with his trial attorney who failed to communicate the plea offer. This *non sequitur* misses the mark. Certainly, Petitioner's lack of knowledge of the plea offer explains why he did not raise any claim regarding the offer before July of 2008 when family members finally told him about it. But his trial attorney's conduct does not explain at all why he waited almost four years after leaning about the plea offer to file his motion for relief from judgment. There is no logical connection between Petitioner's trial counsel's conduct over a decade earlier and his own decision to sit on his rights for four years.

Petitioner points to cases where the Supreme Court and the United States Court of Appeals for the Sixth Circuit have indicated that "serious instances of attorney misconduct" may constitute

an extraordinary circumstance to warrant equitable tolling. See, e.g., *Holland v. Florida*, 560 U.S. 631, 645 (2010); *Patterson v. Lafler*, 455 F. App'x 606, 609-10 (6th Cir. 2012) (citing *Holland*). Those courts have explained that counsel's conduct, or lack thereof, must be sufficiently egregious—akin to abandonment—to warrant equitable relief. See, e.g., *Maples v. Thomas*, U.S. , 132 S. Ct. 912, 922-24, 181 L. Ed. 2d 807 (2012) (discussing *Holland* and ruling that attorney abandonment may constitute cause to excuse a procedural default); *Patterson*, 455 F. App'x at 610 (attorney incapacitation or abandonment may constitute an extraordinary circumstance). But those cases deal with a situation where a defendant's *appellate* counsel abandons him during the appellate process, resulting in the limitations period running without the defendant's knowledge. Here, the conduct at issue is that of Petitioner's trial counsel. Despite counsel's alleged misconduct, Petitioner knew of the plea offer in 2008 but did nothing until 2012 to seek judicial relief.

The most Petitioner can say is that as a pro se litigant he did not know how to seek relief or that he had a viable claim. But the fact that Petitioner is untrained in the law, may have been proceeding without a lawyer for a time, or may have been unaware of the statute of limitations does not warrant tolling. See *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (ignorance of the law does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of professional legal assistance does not justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002); cf. *Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted pro se representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness."). Thus, Petitioner is not entitled to equitable tolling.

Accordingly, the Court finds that the petition was filed after expiration of the statute of

limitations, and Petitioner has failed to demonstrate entitlement to equitable tolling. The case will therefore be dismissed.

## IV. Conclusion

Before Petitioner may appeal, a certificate of appealability must issue. See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*. Having undertaken the requisite review, the court concludes that jurists of reason could not find the court's procedural ruling that the petition is untimely debatable. The Court will also deny Petitioner permission to proceed on appeal in forma pauperis because any appeal would be frivolous.

## V. Order

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

                                                  s/ Nancy G. Edmunds
                                                  Honorable Nancy G. Edmunds
                                                  United States District Judge

Dated: March 31, 2016

CERTIFICATE OF SERVICE

    I hereby certify that a copy of this order was served upon parties/counsel of record on this 31st day of March, 2016 by regular mail and/or CM/ECF.

                                                  s/ Carol J Bethel
                                                  Case Manager